JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOHN ELMS
37 Leader Drive
Newark, DE 19713

**DEFENDANTS**
WEST CHESTER BOROUGH
401 East Gay Street
West Chester, PA 19380

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary LeMieux-Fillery, Esq. The Law Offices of Eric A. Shore
Two Penn Center, Suite 1240, 1500 John F. Kennedy Boulevard
Philadelphia, PA 19102 - Telephone: 267-546-0132

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101 et seq.

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 01/21/2021

SIGNATURE OF ATTORNEY OF RECORD: /s/Mary LeMieux-Fillery, Esq.

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 37 Leader Drive, Newark, DE 19713

Address of Defendant: 401 East Gay Street, West Chester, PA 19380

Place of Accident, Incident or Transaction: 401 East Gay Street, West Chester, PA 19380

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/21/2021   /s/Mary LeMieux-Fillery, Esq.   312785
           *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Mary LeMieux-Fillery, Esquire, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 1/21/2021   /s/Mary LeMieux-Fillery, Esq.   312785
           *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOHN ELMS | : | CIVIL ACTION |
| v. | : | |
| WEST CHESTER BOROUGH | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)


| 1/21/2021 | Mary LeMieux-Fillery, Esquire | John Elms |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0132 | 215-944-6124 | maryf@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ELMS<br>37 Leader Drive<br>Newark, DE 19713 | :<br>:<br>:<br>: | |
| Plaintiff, | :<br>: | JURY DEMANDED |
| v. | :<br>: | CASE NO. |
| WEST CHESTER BOROUGH<br>401 East Gay Street<br>West Chester, PA 19380 | :<br>:<br>:<br>: | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

And now Plaintiff, JOHN ELMS, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101) ("ADA") have been violated and avers as follows:

### I. PARTIES

1. Plaintiff, John Elms, hereinafter ("Plaintiff" or "Elms"), is an adult individual residing at 37 Leader Drive, Newark, DE 19713.

2. Defendant, West Chester Borough, hereinafter ("Defendant") is a borough in the State of Pennsylvania with headquarters located at 401 East Gay Street, West Chester, PA 19380.

3. Defendant owns and operates a municipal services facility located at 401 East Gay Street, West Chester, PA 19380, where Plaintiff was employed.

4. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

5. Defendant is liable for the actions of its agents, servants and employees performed within the course of their employment through the doctrine of Respondeat Superior.

## II. JURISDICTION

6. This civil action for disability harassment, discrimination, and retaliation is instituted pursuant to the Americans with Disabilities Act ("ADA").

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

8. Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission).

## III. FACTS

9. On or about August 1, 2016, Defendant hired Plaintiff as the Director of Parking Services. Elms performed all of his duties without complaints or issues.

10. During his employment with Defendant, Mr. Elms helped Defendant to greatly increase its profits from parking collections.

11. Elms endured harassment during the four years that he was employed with respondent. Elms suffered harassment at the hands of Borough Manager, Michael A. Perrone.

12. Mr. Perrone would humiliate Elms for the way that he walked. And, Mr. Perrone would make fun of Elms while he walked behind him.

13. Mr. Perrone would often refer to Elms as the "crippled man" and forced him to walk eight flights of stairs and up hills when driving would have been an option.

14. Mr. Perrone would always pressure Elms to walk faster which was difficult for Elms to do because of his medical issues.

15. Elms reported Mr. Perrone not only to Human Resources, but also to the Mayor hoping that she would be able to help.

16. As a result of Elms reporting Mr. Perrone's verbal abuse, the harassment intensified.

17. Elms suffered a stroke in 2018 and for fear of losing his job, he was only out of work for less than seven days.

18. Mr. Elms was hospitalized for a week the time from work as a result of the stroke.

19. Mr. Elms shared the fact that he had suffered a stroke with Human Resources and the Defendant's manager.

20. Mr. Elms suffered from memory impairment as a result of the stroke.

21. On one occasion during a public meeting Defendant told Mr. Elms to, "shut up" as he was in the middle of speaking.

22. Elms required hip surgery to improve his quality of life; however, again for out of fear for losing his job, Elms put this off for three years.

23. In or about July 2020, Elms asked another employee to help him with two time cards because Defendant, in error, removed his access. For this, Elms was suspended for five days without pay.

24. On July 28, 2020, Elms was terminated, which he believes was a result of his disability and in retaliation for making complaints to the Mayor.

25. Defendant terminated the Plaintiff on July 28, 2020.

## IV. CAUSES OF ACTION

### COUNT I
### TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT DISCRIMINATION
### (42 .S.C.A. § 12101 *et seq*.)

26. Plaintiff incorporates paragraphs 1-25 as if fully set forth at length herein.

27. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*., an employer may not discriminate against an employee based on a disability.

28. As a result of his medical condition, Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

29. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

30. At all times material hereto, Plaintiff had a qualified disability, as described above.

31. Based on the foregoing, Plaintiff alleges that Defendants violated the ADA by subjecting him to discrimination on the basis of his actual and/or perceived disabilities and/or records of impairment.

32. Plaintiff was subject to a hostile work environment due to his disability.

33. Plaintiff had to endure pervasive and regular harassment from his supervisor and co-workers when he was harassed by his supervisor Mr. Perrone and was ostracized by his coworkers, due to his disability.

34. Plaintiff endured the offensive conduct because he had no choice in that he needed to keep his job to support his family.

35. The harassment suffered by Plaintiff by his managers and co-workers detrimentally affected him in that, among other things, he suffered embarrassment, humiliation, emotional distress, and disruption to his life because of Defendants actions.

36. The harassment by his supervisors would detrimentally affect a reasonable person for all of the reasons stated herein, as the harassment and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person.

37. Defendants knew or should have known of the harassment as Plaintiff complained about it to Defendants, yet they failed to take prompt, meaningful, remedial action.

38. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of his disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

39. Defendant failed to engage in an interactive discussion of Plaintiff's disability and failed to reasonably accommodate his disability.

40. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

41. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

42. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

43. Plaintiff demands attorneys' fees and court costs.

## COUNT II
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT RETALIATION
## (42 U.S.C.A. § 12101 *et seq.*)

44. Plaintiff incorporates paragraphs 1-43 as if fully set forth at length herein.

45. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, an employer may not retaliate against an employee based upon him exercising his rights under the Americans with Disabilities Act.

46. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

47. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

48. As set forth above, Plaintiff engaged in protected activity when he requested continued accommodations previously provided for his qualified disability.

49. As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

50. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

51. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

52. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

53. Plaintiff demands attorneys' fees and court costs.

## V. RELIEF REQUESTED

**WHEREFORE**, Plaintiff, John Elms demands judgement in his favor and against Defendant, West Chester Borough, in an amount in excess of $150,000.00 together with:

    A. Compensatory damages for: including, but not limited to: emotional distress, pain and suffering, personal injury damages, economic loss, lost wages and benefits, lost future earnings and lost future earning capacity;

    B. Treble damages;

    C. Attorney's fees and costs of suit;

    D. Interest, delay damages; and,

    E. Any other further relief this Court deems just proper and equitable.

Date: <u>January 19, 2021</u>                                  **LAW OFFICES OF ERIC A. SHAORE, P.C.**

BY: <u>/s/ Mary LeMieux-Fillery, Esq.</u>
Mary LeMieux-Fillery, Esquire
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Telephone: 267-546-0132
Telefax: 215-944-6124
Email: maryf@ericshore.com